UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COREY LOUIS HINES, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:09CV1236 HEA |
|  | ) |  |
| JERRY DEVORE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of Corey Louis Hines' motion for habeas corpus relief under 28 U.S.C. § 2241.

### **Background**

On November 8, 2005, a jury found petitioner guilty of the following crimes: knowingly and willfully conspiring with another to commit identity fraud by misrepresenting their names and social security numbers, in violation of 42 U.S.C. § 408(a)(7)(B); two counts of knowingly aiding and abetting another when he falsely represented a number to be the social security account assigned to him by the Commissioner of Social Security on a credit application for the purpose of obtaining credit, money, and property, and with the intent to deceive, in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2; falsely representing, with the intent to deceive, that a number was the social security account number assigned to him by the Commissioner of Social Security for the purpose of concealing his true identity from law enforcement, in violation of 42 U.S.C. § 408(a)(7)(B); and knowingly using without lawful authority a means of identification of another person, in violation of 18 U.S.C. § 1028(A). *See United States v. Hines*, No. 4:05-CR-107-HEA (E.D. Mo.). Petitioner

was sentenced by this Court on February 24, 2006, to ninety-five months imprisonment and a term of three years supervised release. On January 8, 2007, the Eighth Circuit Court of Appeals affirmed the judgment. *United States v. Hines*, No. 06-1719 (8th Cir.). The Appellate Court's mandate was issued on March 8, 2007. The Supreme Court denied certiorari on October 1, 2007.

## Discussion

### Petition under 28 U.S.C. § 2241

Petitioner seeks relief from his conviction and sentence on the grounds that this Court lacked subject matter jurisdiction, he was improperly extradited and held to answer on three invalid indictments that lacked proper signatures, he was held in custody without bail and with no charging instrument, and he was convicted and sentenced on a no bill.

Because petitioner is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241. The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by § 2255 motion is inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because § 2255 relief has already been denied. *Id*. As such, the Court will dismiss the instant § 2241 petition.

### Petition construed as a motion under 28 U.S.C. § 2255

The Court will liberally construe the instant petition as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1]

---

[1] The Court determines that it is not required to provide Corey Louis Hines an opportunity either to consent to the reclassification or to withdraw his motion, *see United States v. Morales*, 304 F.3d 764 (8th Cir. 2002), because, unlike the facts in *Morales*, the motion at bar is his second § 2255 motion, not his first. Corey Hines filed a motion under 28 U.S.C. § 2255 on November 5, 2007. *Hines v. United States*, No. 4:07-CV-1884-HEA (E.D. Mo.). As such, providing him a *Morales*-type warning and opportunity to withdraw the instant motion at this time would be of no avail to him.

The Court's records show that petitioner previously brought a motion for relief under 28 U.S.C. § 2255, which this Court denied on the merits. *See Hines v. United States*, No. 4:07-CV-1884-HEA (E.D. Mo.). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because petitioner did not obtain permission from the Eighth Circuit Court of Appeals to maintain another § 2255 motion in this Court, the Court lacks authority to grant petitioner the relief he seeks.

Therefore,

**IT IS HEREBY ORDERED** that the instant motion for habeas corpus relief is **DENIED**, without prejudice, because petitioner may not challenge the constitutionality of his conviction and sentence under 28 U.S.C. § 2241, and he did not obtain permission from the Eighth Circuit Court of Appeals to file in this Court a successive motion under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED** as moot, because petitioner paid the $5 filing fee on September 21, 2009.

**IT IS FURTHER ORDERED** that petitioner's motion for summary judgment [Doc. #6] is

**DENIED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of October, 2009.

                                                      HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE